# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ROBERT B. SILLIMAN as Chapter 7 Trustee for the Estate of Mullen Chevrolet, LLC, | : : : : |
| Plaintiff, | : CIVIL ACTION NO. |
| | : 1:09-CV-1603-RWS |
| v. | : : |
| GENERAL MOTORS CORPORATION, a Delaware Corporation and GMAC, LLC, a Delaware Limited Liability Company, | : : : : : : |
| Defendants. | : |

## **ORDER**

This action comes before the Court on Plaintiff's Motion to Remand [5]. After reviewing the entire record, the Court enters the following order.

## Background

The Plaintiff in this case is the Chapter 7 Trustee for Mullen Chevrolet, LLC ("Mullen Chevrolet"). On June 7, 2007, Mullen Chevrolet filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Northern District of Georgia, Case No. 07-69141-MHM ("Mullen Chevrolet Bankruptcy"). (Brief in Support of Plaintiff's Motion for Remand ("Brief in

Support of Remand") [5-2], at 2). On May 29, 2009, Plaintiff as Chapter 7 Trustee for the estate of Mullen Chevrolet filed a civil action in the State Court of Gwinnett County, Civil Action No. 09C-09005-5 ("Civil Action"), against General Motors Corporation ("GM") and GMAC, LLC ("GMAC"). (Plaintiff's Complaint [1-2]). The Civil Action alleges violations of the Georgia Motor Vehicle Dealer's Day in Court Act, the Automobile Dealer's Day in Court Act, the Uniform Deceptive Trade Practices Act, as well as breach of oral agreement, fraud in the inducement, unjust enrichment, and tortious interference with business relations. (Id., at 1). The case was stayed as to Defendant GM because it filed a voluntary petition for Chapter 11 bankruptcy protection. (Brief in Support of Remand, at 3).

On June 16, 2009, Defendant GMAC filed a notice of removal pursuant to 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027, removing the Civil Action to this Court to be referred to the Bankruptcy Court for the Northern District of Georgia. (GMAC's Notice of Removal [1]). On July 17, Plaintiff filed a motion to remand the Civil Action to the State Court of Gwinnett County. (Plaintiff's Motion to Remand [5]). The Court now takes up Plaintiff's Motion.

**Discussion**

Plaintiff moves to remand this action to state court, arguing that this Court must abstain, or in the alternative should abstain, from exercising jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Under 28 U.S.C. § 1334,

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.[1]

28 U.S.C. § 1334(c)(2). Section 1334(c)(2) mandates that a federal court refrain from exercising jurisdiction, or remand a matter to state court, <u>Christo v. Padgett</u>, 223 F.3d 1324, 1331 (11th Cir. 2000), where four requirements are met:

---

[1] 28 U.S.C. § 1334 also provides for discretionary abstention:
> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

3

> (1) The claim has no independent basis for federal
> jurisdiction, other than § 1334(b); (2) the claim is a
> non-core proceeding. That is, it is related to a case
> under title 11 but does not arise under or arise in a
> case under title 11; (3) an action has been commenced
> in state court; and (4) the action could be adjudicated
> timely in state court.

In re United Container LLC, 284 B.R. 162, 171 (Bankr. S.D. Fla. 2002); accord In re Fulton, Nos. 00-2005, 99-21521, 2000 WL 33952875, at *1 (S.D. Ga. June 29, 2000).

The claims asserted by Plaintiff in the Civil Action have no independent basis for federal jurisdiction, other than 28 U.S.C. § 1334(b). Section 1334(b) provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." All of the causes of action set forth in the Complaint are based upon laws of the State of Georgia.[2] (Plaintiff's Complaint [1-2]). There is also no basis for diversity jurisdiction. The only basis for federal jurisdiction is Section 1334(b), that the Civil Action arises under, arises in, or relates to the Mullen Chevrolet Bankruptcy. Therefore, the first requirement for mandatory

---

[2] The Civil Action alleges violations of the Georgia Motor Vehicle Dealer's Day in Court Act, the Automobile Dealer's Day in Court Act, the Uniform Deceptive Trade Practices Act, as well as breach of oral agreement, fraud in the inducement, unjust enrichment, and tortious interference with business relations. (Plaintiff's Complaint [1-2], at 1).

4

abstention is met.

Because the Civil Action is a non-core proceeding, the second requirement is also met. The Eleventh Circuit, for purposes of determining whether an action is a "core" proceeding under 28 U.S.C. § 157, adheres to the guidance offered by In re Wood, 825 F.2d 90 (5th Cir. 1987). See In re Toledo, 170 F.3d at 1348. There, the Fifth Circuit explained:

> If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding; for example, an action by the trustee to avoid a preference. If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding; for example, the filing of a proof of claim or an objection to the discharge of a particular debt. If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an "otherwise related" or non-core proceeding.

In re Wood, 825 F.2d at 97.

Thus, in determining whether the instant case constitutes a "core" proceeding not subject to mandatory abstention, this Court must decide whether it "invokes a cause of action, or substantive right, created by a specific section of the Bankruptcy Code." In re Toledo, 170 F.3d at 1349. The Court concludes that it does not.

5

Plaintiff's claims derive solely from the common law and statutory law of Georgia. Although their genesis does not, in isolation, answer the question of whether the instant proceeding is "non-core," it is a salient consideration in the Court's analysis. See id. at 1349. More important, however, is that the state law claims are not claims that arise only in the context of a bankruptcy proceeding. See Control Ctr., L.L.C. v. Lauer, 288 B.R. 269, 277 (Bkrtcy. M.D. Fla. 2002). That is, "[h]ad there been no bankruptcy, this action could have proceeded in a state court, and would be virtually identical to this action . . . ." See id. Because this action does not invoke a substantive right under the bankruptcy laws, and does not arise only in the context of bankruptcy proceedings, the Court concludes that this is a non-core proceeding.

The third and fourth requirements are met because the Civil Action has already been commenced in the State Court of Gwinnett County and there is no existing impediment to a timely adjudication of the case in that court.

The Court agrees with Defendant's contention that this Court has "related to" jurisdiction over this cause of action under 28 U.S.C. § 1334. (Defendant GMAC Inc.'s Brief in Support of Opposition to Plaintiff's Motion to Remand [6-2], at 4). As the Eleventh Circuit stated in In re Lemco Gypsum, Inc.,

> The usual articulation of the test for determining

> whether a civil proceeding is related to bankruptcy is
> whether the outcome of the proceeding could
> conceivably have an effect on the estate being
> administered in bankruptcy. The proceeding need not
> necessarily be against the debtor or against the
> debtor's property. An action is related to bankruptcy if
> the outcome could alter the debtor's rights, liabilities,
> options, or freedom of action (either positively or
> negatively) and which in any way impacts upon the
> handling and administration of the bankrupt estate.

910 F.2d 784, 788 (11th Cir. 1990) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994); see also Celotex Corp. v. Edwards, 514 U.S. 300, 307-08, 115 S. Ct. 1493, 131 L. Ed. 2d 403 (1995) ("Congress did not delineate the scope of 'related to' jurisdiction, but its choice of words suggests a grant of some breadth."). The outcome of the Civil Action, which seeks money damages, could impact the handling and administration of the estate. Further, the Supreme Court specifically noted that proceedings "related to" bankruptcy include causes of action owned by the debtor which become property of the estate. Celotex Corp., 514 U.S. at 308 n.5. Yet the existence of this Court's "related to" jurisdiction is not dispositive on the question of whether this Court must abstain from exercising that jurisdiction pursuant to 28 U.S.C. § 1334(c)(2).

Section 1334(c)(2) presumes that the proceeding is "related to" a

7

bankruptcy case. The relevant inquiry is: whether the proceeding is based upon a state law claim or cause of action; whether the proceeding arises under or arises in a bankruptcy case; whether independent grounds for federal jurisdiction exist outside of Section 1334(b); whether the proceeding has already commenced in a state court; and whether it can be timely adjudicated there. The Civil Action is based solely on state claims and causes of action, and while it "relates to" a bankruptcy case, it does not "arise under" or "arise in" a bankruptcy case. The action has already been commenced and can be timely adjudicated in the state court. Further, no independent grounds for federal jurisdiction exist outside of Section 1334(b). Therefore, under 28 U.S.C. § 1334(c)(2), this Court must remand this action to state court. Accordingly, Plaintiffs Motion to Remand [5] is **GRANTED**.

## Conclusion

Plaintiffs' Motion to Remand [5] is **GRANTED**. The Clerk is **DIRECTED** to **REMAND** this case to the State Court of Gwinnett County, Georgia.

8

**SO ORDERED**, this  21st  day of September, 2009.

_____
**RICHARD W. STORY**
United States District Judge

9